# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ORANGEBURG DIVISION

VICTOR LANCE, )
)
Plaintiff, )
) No. 5:15-cv-4937-DCN
vs. )
) **ORDER**
NANCY A. BERRYHILL, *Acting* )
*Commissioner of the Social Security* )
*Administration,*[1] )
)
Defendant. )
_____ )

This matter is before the court on United States Magistrate Judge Kaymani D.

West's report and recommendation ("R&R"), ECF No. 35, that the court grant the motion

to dismiss plaintiff's complaint, ECF No. 31, filed by defendant Nancy A. Berryhill,

Acting Commissioner of the Social Security Administration, (the "Commissioner"). For

the reasons set forth below, the court adopts the R&R and grants the Commissioner's

motion.

## I.  BACKGROUND

Plaintiff Victor Lance ("Lance") was awarded disability benefits effective June 1,

1996, pursuant to an administrative law judge's ("ALJ") decision dated January 28, 1999.

However, in a continuing disability review on August 31, 2004, it was determined that

Lance was no longer disabled as of August 1, 2004.  This determination was affirmed by

ALJ Richard L. Vogel on January 26, 2007.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social
Security; therefore, she is substituted as the named defendant pursuant to Federal Rule of
Civil Procedure 25(d).

Thereafter, on June 2, 2009, Lance filed an application for disability insurance benefits ("DIB"), alleging disability as of July 1, 1992.[2] Lance's claim was denied initially and upon reconsideration. A hearing before an ALJ was held on May 26, 2010, and the ALJ determined that Lance was not disabled under the Social Security Act. The Appeals Council declined to review the ALJ's decision, and Lance filed an action in this court on April 4, 2011. On August 28, 2012, the court reversed the Commissioner's decision and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

On April 22, 2015, the ALJ issued a decision denying Lance's claim for benefits. On October 1, 2015, after Lance filed exceptions to the ALJ's decision, the Appeals Council mailed Lance a notice of its decision, which explained the Appeals Council's reasons for declining review of the ALJ's order and stated Lance's right to commence a civil action within sixty days from the date of receipt.[3] The letter stated that the Appeals Council presumed Lance received a copy of the notice within five days of the date of the notice.[4] Thereafter, on December 14, 2015, seven days after the time allotted by statute, Lance filed the instant action. On June 29, 2016, the Commissioner filed a motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction, asserting that Lance filed his complaint after the permissible time period lapsed. ECF No. 31. Because Lance is proceeding in this case pro se, the court issued a Roseboro order on June 30, 2016. On July 19, 2016, Lance filed a response to the motion to dismiss. ECF No. 34.

---

[2] The ALJ determined that the proper period at issue was from January 27, 2007 through September 30, 2008.
[3] The letter was mailed to Lance at 288 Joe Rice Loop, Hemingway, South Carolina.
[4] The Appeals Council mailed the letter on October 1, 2015. With the five additional days of mailing allowance, Lance was required to commence a civil action by December 7, 2015, as December 5, 2015, fell on a Saturday.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the magistrate judge for pre-trial proceedings and an R&R. On July 27, 2016, Magistrate Judge West issued an R&R, recommending that the court grant the Commissioner's motion to dismiss the complaint with prejudice because Lance allowed the sixty-day limitation period to run before filing his complaint. ECF No. 35 at 8–9. The R&R specifically advised the parties of the procedures for filing objections thereto and the consequences if they failed to do so. Id. at 10. On August 8, 2016, Lance timely filed his objections to the R&R, wherein he argued that he received ineffective assistance of counsel during the administrative process and discussed his need for disability benefits but failed to mention the sixty-day time limit set by the Social Security Act. ECF No. 38. On August 18, 2016, the Commissioner filed her response thereto. ECF No. 44.

## II.  DISCUSSION

This matter is now before the court for disposition. The magistrate judge makes only a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 271. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Furthermore, failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. See United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Because Lance has failed to make objections to the R&R with the requisite level of specificity or to provide any direction as to which portions of the R&R should be examined under a de novo lens, the court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." See Diamond, 416 F.3d at 315 (citation omitted). After reviewing the record of this matter, the applicable law, and the R&R, the court agrees with the conclusion of the magistrate judge.

### III.  CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, ECF No. 35, and **GRANTS** the Commissioner's motion to dismiss plaintiff's complaint with prejudice, ECF No. 31.

**AND IT IS SO ORDERED**.


**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 13, 2017**
**Charleston, South Carolina**